**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                        No. 99-4711

MANUEL SALANO,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-99-40)

Submitted: November 29, 2001

Decided: December 18, 2001

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Stephen J. Weisbrod, WEISBROD & PHILLIPS, P.C., Hampton, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Manuel Salano seeks to appeal his conviction for conspiring to distribute cocaine in violation of 21 U.S.C.A. § 846 (West 1999). Salano pled guilty pursuant to a written plea agreement, in which he waived both his right to appeal and to collaterally attack his sentence. On appeal, Salano's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he asserted there were no meritorious issues in this appeal. However, Salano's counsel offered several potential challenges to the validity of Salano's waiver.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Salano's plea agreement contained such a waiver. Our review of the plea agreement and the record of the plea colloquy reveal Salano's waiver was knowing and voluntary and that the district court thoroughly considered the surrounding circumstances, including Salano's background, experience and conduct. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). Moreover, Salano's sentence did not exceed the statutory maximum penalty, and there is no evidence that it was based on a constitutionally impermissible factor. *See Marin*, 961 F.2d at 496. Finally, the sentence was not imposed pursuant to proceedings conducted in violation of Salano's right to counsel. *See United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). Accordingly, we find no basis for challenging the validity of Salano's waiver based on his plea colloquy and dismiss his appeal.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. However, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation, by a motion stating that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*